```
UNITED STATES DISTRICT COURT                                    D & F
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x     C/M
GARDEN CITY BOXING CLUB, INC.,

                    Plaintiff,
    -against-

FOCUSED ENTERPRISES, LTD., d/b/a            **MEMORANDUM AND ORDER**
BROWN SUGAR CLUB, and GREGORY               No. 06-CV-4874 (FB) (RER)
JORDAN, SR. and JUDY JORDAN

                    Defendants.
----------------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*
PAUL J. HOOTEN, ESQ.
Paul J. Hooten & Associates
5505 Nesconset Highway, Ste 203
Mt. Sinai, NY 11766

**BLOCK, Senior District Judge:**

On September 6, 2006, plaintiff filed a complaint seeking damages for defendants' allegedly unauthorized interception and broadcast of a closed circuit television program ("the Program") to which plaintiff held distribution rights. Defendants having failed to respond to the complaint or otherwise defend against this action, plaintiff moved for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), *see* Docket Entry #4 (Pl. Mot. for Default Judgment, filed on January 16, 2007); however, because plaintiff failed to file proof of service against the individual defendants, the Court considers plaintiff's motion only as to corporate defendant Focused Enterprises, LTD. *See* Docket Entry #5 (Clerk's Notation of Default against Focused Enterprises, dated February 2, 2007).

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty*

*Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibit group*, 973 F.2d at 158.

By alleging that defendants intercepted the Program by means of "illegal decoding devices" for the "satellite coordinates necessary to receive the signal of the [Program]," plaintiff has stated a claim under 47 U.S.C. § 605(a). *See International Cablevision, Inc. v. Sykes*, 75 F.3d 123, 133 (2d Cir. 1996) (quoting 1984 U.S.C.C.A.N. 4746). Plaintiff has not, however, stated a claim under 47 U.S.C. § 505(a), since the complaint contains no allegations that there was an unauthorized interception of cable signals. *See id.* § 553(a)(1) ("No person shall intercept or receive ... any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.").

Plaintiff's failure to state a claim under § 553(a), however, is of no consequence, as "[t]he Second Circuit has held that [even] where a defendant is found to have violated *both* [§ 553 and § 605(a)], the court should award damages pursuant to 47 U.S.C. § 605." *Time Warner Cable of New York City v. Taco Rapido Rest.*, 988 F. Supp. 107, 110 (E.D.N.Y. 1997) (citing *Sykes I*, 997 F.2d at 1007). Relief available under that section includes damages, injunctive relief, attorney fees and costs. *See* 47 U.S.C. § 605(e)(3)(B).

Plaintiff's motion for entry of default judgment with respect to defendant Focused Enterprises is granted. The matter is referred to the assigned magistrate judge for determination of the relief to be awarded under 47 U.S.C. § 605(e).

**SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 5, 2007